FILED
Clerk
District Court

JUN 27 2023

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| H.K. PANGELINAN & ASSOCIATES, LLC, | **Case No. 1:21-cv-00010** |
| Plaintiff, | |
| v. | |
| AMERICAN SINOPAN, LLC, | **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |
| Defendant. | |

Before the Court is Plaintiff H.K. Pangelinan & Associates, LLC's motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2) (Mot., ECF No. 51). For the reasons detailed herein, the Court GRANTS Plaintiff's motion for attorneys' fees for a slightly higher amount than requested, and for costs.

## I. PROCEDURAL HISTORY

Plaintiff filed its complaint premised on diversity jurisdiction alleging two claims for breach of contract, and alternative legal theories of promissory estoppel and quantum meruit against Defendant American Sinopan LLC. (Compl. 1-7, ECF No. 1.) Defendant initially engaged in an unsuccessful motion practice, (*see* Mins., ECF No. 6 (denying motion to dismiss)), but when it ceased to defend itself after its attorney withdrew from the case, the Court struck Defendant's answer and granted Plaintiff's motion for entry of default (Order Striking Def.'s Answer and Directing Entry of Default, ECF No. 36). Default judgment was entered on February 27, 2023 in the principal amount of $421,800; prejudgment interest in the amount of $55,200; plus attorney's fees and costs related to Contract One; plus the applicable federal interest rate for

post-judgment interest on February 23, 2023. (J. 1, ECF No. 50.) Plaintiff timely filed its motion for attorneys' fees and costs on March 13, 2023 (Mot. 1) with a supporting declaration by its counsel Colin Thompson (Thompson Decl., ECF No. 51-1).[1]

Subsequently, the Court held a hearing on the motion wherein it found the motion deficient for failure to comply with Federal Rule of Civil Procedure 54 and highlighted numerous areas of concern. (Mins., ECF No. 54.) Nevertheless, the Court withheld ruling on the motion to permit Plaintiff to supplement the motion. (*Id.*) Plaintiff timely filed its supplemental memorandum (Suppl. Mem., ECF No. 59) with a supplemental declaration by counsel (Suppl. Thompson Decl., ECF No. 59-1). (*See* Order, ECF No. 58.)

## II.    LEGAL STANDARD

After entry of judgment, a party may move for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), which provides that

Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

When the Court exercises diversity jurisdiction, state substantive law governs such that "an award of attorney fees is also governed by state law." *Muniz v. UPS*, 738 F.3d 214, 218 (9th

---

[1] Since Defendant is in default, Plaintiff is not required to serve a copy of this motion upon Defendant. *See* Fed. R. Civ. P. 5(a)(2); *Bunge S.A. v. Pac. Gulf Shipping (Singapore) PTE Ltd.*, No. 3:19-cv-00491-IM, 2020 U.S. Dist. LEXIS 255633, at *3, 2020 WL 9889185, at *2 (D. Or. May 21, 2020) (noting that the plaintiff was not obligated to serve motion for attorneys' fees and costs on the defendants who were in default (citing Fed. R. Civ. P. 5(a)(2))).

Cir. 2013) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003)). Since the Court is exercising diversity jurisdiction in the instant case, the law of the Commonwealth of the Northern Mariana Islands ("CNMI") determines the standards and factors for determining an award of attorneys' fees. *See id.* (applying California state law for determining an award of attorney's fees).

The CNMI Supreme Court has outlined a two-step process for determining an award for attorneys' fees wherein the trial court has "'wide latitude' in awarding fees." *In re Malite* (*Malite II*), 2016 MP 20 ¶¶ 16-17 (citing *In re Malite* (*Malite I*), 2010 MP 20 ¶¶ 44-45). "First, the court must determine whether the requested fees are reasonable by considering similar fee agreements in the local legal community and relevant Model Rule of Professional Conduct ("MRPC") 1.5 factors." *Id.* ¶ 17 (citing *Malite I*, 2010 MP 20 ¶ 45). The MRPC 1.5 factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*Id.* (quoting Model Rules of Pro. Conduct r. 1.5(a)).[2] At this step, the court "consider[s] basic lodestar information (i.e., an attorney's hourly rate multiplied by the number of hours worked) to allow the court to ascertain a prevailing market rate." *Bank of Guam v. Cabrera*, No. 17-0234, at 7-8 (N. Mar. I. Commw. Super. Ct. Jan. 25, 2019) (Order Granting Attorney Fees and Costs in the Amount of $1,837.36); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations omitted) ("District courts must calculate awards for attorneys' fees using the 'lodestar' method," which requires "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."). "Second, the court must determine the appropriate fee award" – the court may award requested fees it deems reasonable or fashion an appropriate remedy for requested fees it deems unreasonable. *Malite II*, 2016 MP 20 ¶ 17 (citing *Malite I*, 2010 MP 20 ¶ 45). The party requesting attorneys' fees bears "the 'burden' of showing that the fees incurred were allowable, reasonably necessary to the conduct of the litigation and reasonable in amount." *Bank of Guam*, No. 17-0234, at 8 (citing *Ishimatsu v. Royal Crown Ins. Corp.*, 2010 MP 8 ¶ 68).

///

---

[2] These factors are substantially similar, but not identical, to the factors relevant for an attorneys' fee determination that the Ninth Circuit outlined in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which was a case premised on federal question jurisdiction. The *Kerr* factors are

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Notably, the CNMI Supreme Court's factors do not include the tenth and twelfth *Kerr* factors. As such, the Court need not consider those factors. *See Johnson v. Incline Vill. Gen. Improvement Dist.*, 5 F. Supp. 2d 1113, 1116 (D. Nev. 1998) ("Where federal substantive law applies, a court awards attorney's fees in light of the 12 factors listed in *Kerr* . . . .").

### III.    ANALYSIS

In its supplemental memorandum, Plaintiff remedied the motion's deficiency and properly cited to the Judgment (ECF No. 50) as required per Rule 54(d)(2)(B)(ii). (Suppl. Mem. 3.) Further, Plaintiff amended its motion to only seek fees for Attorney Thompson – it no longer seeks fees for Attorneys Joseph Przyoski, Kathryn B. Fuller, Steven Pixley, or the paralegal. (Suppl. Mem. 2-3.) In total, Plaintiff seeks an award of $9,066.88, which amounts to $8,535 in attorneys' fees and $531.88 in costs. (*Id.* at 3, 7.)

The Court's award of attorneys' fees and costs is limited to Contract One. (Order Directing Entry of Default J. 1, ECF No. 49.) "Because the claims for Contract One and Contract Two are intertwined," Plaintiff requests "half of the total amount of time spent[,]" excluding the time spent preparing the instant motion for attorneys' fees and costs as the motion only relates to Contract One. (Thompson Decl. ¶¶ 43-44; Mot. 9 n.3.) The Court finds this approach reasonable since it would be hard to distinguish work done exclusively for Contract One as opposed to Contract Two.

#### A.  Colin Thompson, Esq.

To begin the CNMI's two-step analysis for determining an award for attorneys' fees, the Court first analyzes the eight MRPC factors.

> *i.   First factor: time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly*

In determining the time and labor that counsel expended, it appears that counsel submitted erroneous calculations. First, the Court accepts the statement that Plaintiff is under a contingency fee agreement with its law firm, Thompson Law, LLC. (Suppl. Thompson Decl. ¶ 19.) Second, the declaration of Plaintiff's counsel about the actual hours spent and billed is

different from what is shown in Exhibit B to his declaration. In his declaration, Thompson states that he spent 110.3 hours for this case, but seeks fees for half of that for 55.15 hours because only Contract One provides for attorneys' fees – thus, with an hourly rate of $300, counsel requests $8,535, which is half of $17,070. (Suppl. Thompson Decl. ¶¶ 16, 23-25.) However, 55.15 hours (half the total time spent to successfully prosecute both of HKPA's claim) billed at $300 an hour totals $16,545, not $8,535. In contrast, Exhibit B has a total time entry at $17,070 but the total number of hours spent is not expressly stated at the end of the Time Entries list. (*See id.* at 27-34.) The total number of hours billed pursuant to the Time Entries list, however, results in a total of 56.9 hours spent for the prosecution of both of HKPA's claims, with 55.1 hours for Thompson's work up to the motion for attorneys' fees, and 1.8 hours for the instant motion. (*See id.)* This results in 27.55 hours for the total time spent prosecuting Contract Number One only, plus the 1.8 hours spent for this motion, for a total of 29.35 hours, or $8,805 in attorney's fees applying the $300 hourly rate that Thompson billed. Less than thirty hours is a reasonable figure, especially since this was a simple breach of contract case, which is not particularly novel or complex, and with a limited motion practice.[3]

> ii. *Second factor: the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer*

It is unclear whether it was apparent to Plaintiff that this case would particularly preclude Thompson from other employment, beyond the general notion that retention of one client reduces

---

[3]  The Court had concerns regarding whether Thompson should be able to recover fees for both the first motion for default judgment (ECF No. 38) and the amended motion for default judgment (ECF No. 44). Counsel withdrew the first motion without a hearing. (*See* Order, ECF No. 45.) In the motion for attorneys' fees, Plaintiff asserts that "[t]he later motions for default judgment were built upon Mr. Przyuski's work, and to better increase the likelihood of success." (Mot. 9.) Based on this satisfactory explanation, the Court will not reduce time spent on both motions for default judgment.

an attorney's ability to accept other cases because of time constraint. This non-limiting factor thus weighs in favor of some reduction in fees. *See Bank of Guam*, No. 17-0234, at 12 (noting that "some reduction in fees and costs seems appropriate" because counsel was not precluded from other employment opportunities). Nevertheless, the Court finds further restrictions unnecessary because Plaintiff only seeks fees for essentially half the work expended because only Contract One permits attorneys' fees and no longer requests fees for the other attorneys and paralegal that worked on this case.

            *iii.   Third and seventh factors: the fee customarily charged in the locality for similar legal services and the lawyer's experience, reputation, and ability of the lawyer*

Over three years ago, the Court determined that an hourly rate of $250 for Thompson, who had been practicing law for over twenty-five years, was reasonable in the CNMI. *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, Case No. 19-cv-00016, at 4 (D. N. Mar. I. May 26, 2020) (Order Granting Rule 54(D) Motion and Amending Judgment), ECF No. 128. Although Thompson originally billed Plaintiff $250 an hour in this case, (Thompson Decl. 26-37), he amended his billing to reflect his current rate of $300 an hour, (Suppl. Thompson Decl. 27-34). On numerous instances, this Court "has approved rates as high as $300.00 per hour for local attorneys with more than 20 years' experience." *Genc v. Imperial Pac. Int'l (CNMI) LLC*, No. 1:20-CV-00031, 2022 WL 16902801, at *5 (D. N. Mar. I. Nov. 12, 2022) (citation omitted). Given that Thompson has almost thirty years' experience, (*see* Suppl. Thompson Decl. ¶ 5), the Court finds the $300 hourly rate appropriate.[4]

---

[4] Although Thompson previously billed the client a rate of $250 an hour for these same services, (Thompson Decl. 26-35), the Court recognizes that Plaintiff and Thompson have a contingency fee agreement, (Suppl. Thompson Decl. ¶ 19). Such an arrangement involves inherent risk on the attorney's part, as detailed below. Therefore, this risk justifies Thompson's hourly rate of $300.

### iv.  Fourth factor: amount involved and results obtained

Thompson was successful in obtaining judgment for the breach of Contract Number One, which was a claim for $103,500 in unpaid fees and expenses provided by Plaintiff to Defendant. (Compl. ¶¶ 32-36; Order Directing Entry of Default J. 1.) His request for $8,805 in attorneys' fees plus $531.88 in costs, for a total of $9,336.88 in costs and fees does not even amount to 10% of that principal judgment amount. (*See* Suppl. Mem. 7.) This small percentage warrants in favor of finding the request reasonable.

### v.  Fifth factor: time limitations imposed by the client or the circumstances

Counsel asserts that the value of Defendant's property will depreciate in value over time, which required Plaintiff to act swiftly. (Suppl. Mem. 5.) Although this argument assumes that Plaintiff will need to seek postjudgment relief from the Court in order to satisfy the judgment, such an assumption is warranted given that Defendant has failed to continuously participate in this lawsuit as shown by the entry of default against it. Thus, this factor also buttresses the reasonableness of the request for attorneys' fees.

### vi.  Sixth factor: nature and length of the professional relationship with the client

Since this is Thompson's first time representing Plaintiff, the Court finds this factor to be neutral. *Cf. Atom's Co., Ltd. v. Mallari*, No. 15-0237, at 6 (N. Mar. I. Commw. Super. Ct. June 7, 2018) (Written Decision Following Evidentiary Hearing) ("Generally, a longer relationship between Counsel and his client weighs in favor of finding a high value retainer or contingency fee agreement as reasonable[.]").

### vii.  Eighth factor: whether the fee is fixed or contingent

Thompson's representation of Plaintiff was based on a contingency fee agreement. (Suppl. Thompson Decl. ¶ 19.) An attorney working pursuant to a contingency fee agreement

"is entitled to an award that is reasonable in light of the inherent risk" an attorney assumes when entering into such an agreement. *In re Yue Min Su*, No. 09-0331, at 6 (N. Mar. I. Commw. Super. Ct. Apr. 9, 2015) (Order Granting Motion for Taxation of Costs and Attorney Fees In Part and Denying In Part). As such, the Court concludes that this factor weighs in support of the reasonableness of the request.

      *viii. Determining the appropriate fee award*

  Having considered the factors, an award of $8,805 in attorneys' fees, which is 29.35 hours at $300 an hour, for Thompson's fees is appropriate. The Court will award this higher amount of $270 more than what counsel requested in his brief because the Court is relying on the evidence submitted in support of the request and considers counsel's submission as a clerical error.

  **B.  Costs**

  Counsel billed Plaintiff $1,063.75 in print costs and filing fees, and seeks costs of $531.88, which is half of the amount billed to pursue the claim under Contract One. (Suppl. Thompson Decl. 4, 33-34). The Court concludes such an award is appropriate.

  **IV. CONCLUSION**

  Based on the foregoing, the Court GRANTS Plaintiff's motion for attorneys' fees and costs (ECF Nos. 51, 59). The Court awards Plaintiff $8,805 in attorneys' fees and $531.88 in costs, which totals $9,336.88. The Clerk is directed to issue an amended judgment to reflect this award for attorneys' fees and costs. The motion's hearing set for June 29, 2023 is vacated.

///

///

///

IT IS SO ORDERED this 27th day of June, 2023.

_____
RAMONA V. MANGLONA
Chief Judge